# UNITED STATES DISTRICT COURT FOR THE

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANCO INSULATIONS, INC.<br>a Louisiana corporation, | ) <br> ) <br> ) | Civil Action No. |
| | ) | Division |
| v. | ) <br> ) | Section |
| ROYAL INDEMNITY COMPANY<br>a Delaware corporation, | ) <br> ) <br> ) | |
| AIG PREMIER INSURANCE COMPANY<br>a Pennsylvania corporation | ) <br> ) <br> ) | |
| CENTAUR INSURANCE COMPANY,<br>an Illinois corporation | ) <br> ) <br> ) | |
| COLUMBIA CASUALTY COMPANY<br>an Illinois corporation | ) <br> ) <br> ) | |
| CONTINENTAL INSURANCE COMPANY<br>a New York corporation | ) <br> ) <br> ) | |
| DANIELSON INSURANCE COMPANY<br>a California corporation | ) <br> ) <br> ) | |
| FIRST STATE INSURANCE COMPANY<br>a Connecticut corporation | ) <br> ) <br> ) | |
| HOLLAND-AMERICA INSURANE COMPANY<br>a Missouri corporation | ) <br> ) <br> ) | |
| LANDMARK INSURANCE COMPANY<br>a California corporation | ) <br> ) <br> ) | |
| LEXINGTON INSURANCE COMPANY<br>a Delaware corporation | ) <br> ) | |

| | )|
|---|---|
|UNITED STATES FIRE INSURANCE | )|
|COMPANY | )|
|a Delaware corporation | )|
| | )|
| | )|
|WESTCHESTER FIRE INSURANCE COMPANY | )|
|a Delaware corporation | )|
| | )|

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Anco Insulations, Inc. ("Anco"), by its undersigned counsel, alleges in its Complaint as against Defendants Royal Indemnity Company ("Royal"), AIG Premier Insurance Company ("AIG"), Centaur Insurance Company ("Centaur"), Columbia Casualty Company ("Columbia"), Continental Insurance Company ("Continental"), Danielson Insurance Company ("Danielson"), First State Insurance Company ("First State"), Holland-America Insurance Company ("Holland-America"), Landmark Insurance Company ("Landmark"), Lexington Insurance Company ("Lexington"), United States Fire Insurance Company ("U.S. Fire"), and Westchester Fire Insurance Company ("Westchester") as follows:

## NATURE OF CLAIM

1. This is an action for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure for the purpose of determining questions of actual controversy between the parties and construing the rights and legal relations of the parties arising from certain contracts of insurance issued separately to Anco by various insurers including the defendant insurers.

2. Anco has been named as a defendant in multiple lawsuits alleging bodily injury caused by exposure to asbestos arising out of Anco's business operations ("Asbestos Suits") and has tendered the defense of these lawsuits to its primary carriers, American

Guarantee & Liability Insurance Company ("American Guarantee"), Zurich American Insurance Company ("ZAIC", collectively "Zurich"), and Royal Indemnity Company ("Royal"). As a result of settlement and indemnity payments made by Zurich on behalf of Anco, the limits of several of the policies issued by Zurich to Anco have been exhausted, and other policies are near exhaustion.

3. The defendants herein issued umbrella and/or excess liability insurance policies ("Excess Policies") to Anco which may be implicated by the Asbestos Suits. Anco has attempted to place its Excess Policies on notice of the Asbestos Suits, but none of them have agreed to defend or indemnify Anco with respect to the Asbestos Suits. For the reasons stated in this Complaint, Anco seeks a declaration of the parties' rights and obligations under the Excess Policies issued to Anco by defendants.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. As set forth more fully below, there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this district under 28 U.S.C. §§ 1391.

## PARTIES

6. Anco is a corporation duly organized under the laws of the State of Louisiana and has its headquarters in Louisiana.

7. Upon information and belief, Defendant AIG Premier Insurance Company successor to Colonial Penn Franklin Insurance Company as successor to Forum Insurance Company is a corporation organized under the laws of the State of Pennsylvania with its principal place of business in Pennsylvania.

8. Upon information and belief, Defendant Centaur Insurance Company is a corporation organized under the laws of the State of Illinois and is in rehabilitation in Illinois.

9. Upon information and belief, Defendant Columbia Casualty Company is a corporation organized under the laws of the State of Illinois with its principal place of business outside of Louisiana.

10. Upon information and belief, Defendant Continental Insurance Company successor in interest to Harbor Insurance Company is a corporation organized under the laws of the State of New York and has its principal place of business in Illinois.

11. Upon information and belief, Defendant Danielson Insurance Company is a California corporation formerly known as Mission Insurance Company with its principal place of business outside of Louisiana.

12. Upon information and belief, Defendant First State Insurance Company is a corporation organized under the laws of the State of Connecticut and has its principal place of business in Massachusetts.

13. Upon information and belief, Defendant Holland-America Insurance Company is a corporation organized under the laws of the State of New Hampshire and has its principal place of business in New York.

14. Upon information and belief, Defendant Landmark Insurance Company is a corporation organized under the laws of the State of California and has its principal place of business in Georgia.

- 4 -

Case 3:07-cv-00657-BAJ-MJU   Document 1   09/10/07   Page 4 of 9

15. Upon information and belief, Defendant Lexington Insurance Company is a corporation organized under the laws of the State of Delaware and has its principal place of business in New York.

16. Upon information and belief, Defendant United States Fire Insurance Company is a corporation organized under the laws of the State of Delaware with its principal place of business in New Jersey.

17. Upon information and belief, Defendant Westchester Fire Insurance Company is a corporation organized under the laws of the State of Delaware with its principal place of business in New York.

## FACTUAL BACKGROUND

18. Anco was in the business of selling, installing, repairing and distributing insulation materials containing asbestos from approximately 1962 through the early 1970s.

19. Anco has been named as a defendant in over 1,000 lawsuits filed in Louisiana, Texas and Mississippi, encompassing more than 25,000 plaintiffs.

20. The lawsuits generally allege bodily injury, including asbestosis, silicosis and mesothelioma, arising out of exposure to materials containing asbestos that were manufactured, marketed, installed, removed, repaired and/or distributed by Anco.

21. Anco has tendered the defense of these suits to its primary carriers, Zurich and Royal.

22. Subject to a reservation of rights, Zurich and Royal have assumed the defense of all suits tendered by Anco that allege exposure during any part of Zurich and Royal's policy periods.

## THE INSURANCE POLICIES

23. During the period November 27, 1962 to January 1, 1972 Royal issued ten primary insurance policies of general liability coverage to Anco.

24. Upon information and belief, Royal's policies contain an exclusion for "completed operations"/"products hazard".

25. For the years 1972 through 1986, American Guarantee and ZAIC issued to Anco fifteen primary insurance policies of general liability coverage to Anco ("Zurich Policies").

26. The Zurich Policies are "occurrence" policies and provide general liability coverage for claims arising out of Anco's operations. All of the Zurich Policies, except for the 1972 policy, provide coverage for "completed operations" and "products hazard" claims ("products hazard claims"), subject to the contracts' other terms, limitations, and exclusions. Specifically, general liability coverage for "completed operations"/"products hazard" claims was subject to certain monetary per-occurrence limits, as well as yearly aggregate limits of liability. In addition, the last policy, effective for 12 months from January 1, 1986, contains an asbestos exclusion.

27. The Zurich Policies require that the bodily injury occur during the policy period.

28. In pertinent parts, the Zurich Policies provide coverage as follows:

The company will pay on behalf of the insured all sums with the insured shall become legally obligated to pay as damages because of

Coverage A. bodily injury or

Coverage B. property damage

to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless,

false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

29. The Zurich Policies contain the following definitions:

"bodily injury" means bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom;

* * *

"completed operations hazard" includes bodily injury and property damage arising out of operations. . ., but only if the bodily injury or property damage occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to [Anco].

"occurrence" means an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured;

* * *

"products hazard" includes bodily injury and property damage arising out of [Anco's] products. . . ., but only if the bodily injury or property damages occurs away from premises owned by or rented to [Anco]. . . .

30. Pursuant to the terms of the Zurich Policies and based on the allegations in the underlying petitions for the Asbestos Suits, Zurich allocated portions of the costs incurred to settle lawsuits to coverage provided for "completed operations"/"products hazard" claims. Zurich also allocated the costs incurred to defend and settle lawsuits based on the periods of alleged exposure.

31. "Completed operations"/"products hazard" coverage under the Zurich Policies are completely depleted for the insurance coverage periods of 1973, 1974 and 1975 and the coverage for products hazard claims is becoming depleted for all other periods as well.

- 7 -

Case 3:07-cv-00657-BAJ-MJU   Document 1   09/10/07   Page 7 of 9

32. Upon information and belief, the Defendants issued Excess Policies to Anco during the period 1972 to 1986. Upon information and belief, certain of the policy numbers and policy periods of these Excess Policies are set forth on Exhibit A hereto.

## COUNT I: DECLARATION AS TO ALL DEFENDANTS

33. Plaintiff repeats and incorporates herein the allegations contained in the preceding paragraphs of this Complaint.

34. Upon information and belief, none of the third party defendants have participated in the defense or indemnification of Anco with respect to the Asbestos Claims.

35. There exists between Anco on the one hand and Defendants on the other, a substantial, bona fide, actual and justiciable dispute regarding the application and interpretation of the terms of the excess insurance policies issued by Defendants to Anco.

36. Anco has a right to a judgment declaring the rights and obligations of Anco and the Excess Insurers under all of the excess policies issued to Anco that have or may have coverage obligations applicable to Anco's asbestos liability.

## PRAYER FOR RELIEF

WHEREFORE, Anco requests the Court enter a judgment:

1) Declaring that Anco is entitled to recover all or some of the amounts it has paid or may be allocated from its primary carriers;

2) Declaring the obligations of the Defendants to Anco under the Excess Policies they issued to Anco with respect to the Asbestos Claims as requested above;

3) Declaring that Anco is entitled to attorneys' fees, interests, and costs in this action and for such other and further relief as this Court may deem just, proper, and equitable.

Respectfully Submitted

ANCO INSULATIONS, INC.

By: Glen E. Mercer (#21752)
SALLEY HITE RIVERA & MERCER LLC
365 Canal Street, Suite 1710
New Orleans, Louisiana 70130
Tel: (504) 566-8800
Facsimile: (504) 566-8828

Of Counsel:
Thomas E. Balhoff (2716)
Judith R. Atkinson (17240)
Brent J. Bourgeois (22962)
Rodel, Parsons, Koch, Blache,
Balhoff & McCollister
8440 Jefferson Highway, Suite 301
Baton Rouge, Louisiana 70809
Tel: 225-929-7033
Facsimile: 225-928-4925