UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANCO INSULATIONS, INC
A LOUISIANA CORPORATION

VERSUS

ROYAL INDEMNITY COMPANY
A DELAWARE CORPORATION,
ET ALS

CIVIL ACTION

NO. 07-657-BAJ-DLD

**RULING**

This matter is before the Court on a motion for partial summary judgment filed by the American Guarantee & Liability Insurance Company ("American Guarantee"), Zurich American Insurance Company ("ZAIC"), and Anco Insulations, Inc. ("Anco Insulations") (collectively, "Anco") (doc. 112), and joined by Defendant Arrowood Indemnity Company formerly known as Royal Indemnity Company ("Royal") (doc. 130); and a cross motion for partial summary judgment filed by National Union Fire Insurance Company ("National Union") (doc. 120). Continental Insurance Company ("Continental") (doc. 118), Transportation Insurance Company ("Transportation") (doc. 121), Westchester Fire Insurance Company ("Westchester") (doc. 122), and National Union (doc. 119), ("Opposing Insurers"), have each opposed Anco's motion. Anco has replied to Opposing Insurers' opposition (doc. 153), as has Royal (doc 154). American Guarantee,

ZAIC, Anco (doc. 135), and Royal (doc. 158) have opposed National Union's motion. Jurisdiction is based on 28 U.S.C. §1332.

Anco states that it is "not seeking a determination of the amount of defense costs owed by any specific defendant. [Anco is] simply seeking to establish that, in the absence of a showing of prejudice, the defendants cannot deny coverage for all of Anco's [pre-tender] defense costs" (doc. 112-1, p. 3). Opposing Insurers respond that the issue is not whether they "had a duty to defend and indemnify Anco as its motion suggests. The question is *when* the duty arose" (doc. 119, p. 2). They further assert that "the question of prejudice is irrelevant to this discussion." (Id.)

## BACKGROUND

Plaintiff, Anco Insulations, is an asbestos insulation company that has been sued by thousands of plaintiffs seeking damages for exposure to asbestos over the past twenty-five years (doc. 161, p. 1). Defendants, Royal; AIG Premier Insurance Company; Centaur Insurance Company; Columbia Casualty Company; Continental; Danielson Insurance Company; First State Insurance Company; Holland-America Insurance Company; Landmark Insurance Company; Lexington Insurance Company; National Union; Transportation; United States Fire Insurance Company; and Westchester are insurance companies that each, at some point, insured Anco as excess or primary insurers (doc. 1, p. 3).

Royal, American Guarantee and ZAIC have defended and indemnified Anco Insulations in all pertinent litigation thus far. However, after American

Guarantee and ZAIC disclosed that the primary policies they issued to Anco Insulations were either exhausted or approaching exhaustion, Anco sued its excess carriers for indemnity, and its other primary carriers for a defense and indemnity. Anco also filed bad faith claims against Opposing Insurers, alleging they failed to timely respond to defense tenders (doc. 161, p. 3).

In Anco's partial motion for summary judgment, it argues that, in the absence of showing actual prejudice, Opposing Insurers must provide coverage for Anco's pre-tender defense costs (doc. 112, p. 3). National Union alleges, in its counter motion for partial summary judgment, "that it has no liability to reimburse Anco for legal fees and costs incurred in defending any underlying lawsuits before they were tendered to National Union"—arguing that its motion should be granted for the same reasons Anco's motion should be denied (doc. 120-1, p. 1).

Opposing Insurers assert that they are not attempting to deny coverage on the basis of late notice (doc. 118, p. 5; doc. 119, p. 8). Opposing Insurers have each admitted owing Anco a duty to defend, unless, under the allegations of the petition, the suit is unambiguously excluded from coverage; but all argue that they cannot be held liable for any defense costs incurred prior to the date a suit is first tendered to them for a defense (doc. 112, p. 3).[1]

---

[1] The Transportation insurance policy states in pertinent part: "In the event of an **occurrence**, written notice…shall be given by or for the **insured** to the company or any of its authorized agents as soon as practicable." (Doc. 112-3 Ex. "A").

3

## ANALYSIS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

In determining whether the movant is entitled to summary judgment, the court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor. *Coleman v. Houston Independent School District*, 113 F.3d 528 (5th Cir. 1997). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2411, 91 L.Ed.2d 202 (1986).

The non-movant's burden, however, is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions or a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to

---

The Westchester insurance policy states in pertinent part: "Upon happening of an occurrence reasonably likely to involve the company hereunder, written notice shall be given as soon as practicable to the company or any of it authorized agents." (Doc. 112-1, Ex. "B").

The National Union policy provides in pertinent part: "In the event of an occurrence, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable." (Doc. 112-1, Ex. "C").

that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The District Court for the Middle District of Louisiana has already addressed the issue raised by these motions, and held, in pertinent part, that:

> Though untimely notice does not invalidate [an insurer's] duty to insure…, an insurer's duty to provide a defense does not arise until the insurer receives notice of the litigation, regardless of whether the insurance company is prejudiced by the late notice.

*Transcon. Pipe Line Corp. v. Nat'l Union Fire Ins. Co.*, 378 F. Supp. 2d 729 at 738-39 (M.D.La. 2005) (*citing Gully & Associates, Inc. v. Wausau Ins. Companies*, 536 So. 2d 816 (La. Ct. App. 1st Cir. 1988)).[2] The *Gully* case, on which this Court relied in *Transcontinental*, sets out Louisiana's rule of law. In *Gully*, the Louisiana First Circuit of Appeal was charged with determining "whether a liability insurer must reimburse its insured for defense costs and attorney fees incurred in defending a claim prior to the date on which the insured notifies the insurer of the claim," as two months had elapsed between the filing of the suit and the insurer's notice of the claim or pending litigation. 536 So. 2d 816 at 817.

Similarly to Opposing Insurers in the present case, the *Gully* insurer did not deny coverage under the policy, but refused to pay legal fees and costs incurred prior to notice of the lawsuit. *Id.* at 217-18. The insured argued that the insurer was not prejudiced by late notice and, therefore, the "delayed notice of a claim

---

[2] The Court notes that Anco failed to cite *Transcontinental*.

does not relieve the insurer of the obligation to provide coverage and to defend unless the insurer can prove that it was actually prejudiced by the delay." *Id.* The court stated:

> Gully relies on Louisiana jurisprudence holding that delayed notice of a claim does not relieve the insurer of the obligation to provide *coverage* and to defend unless the insurer can prove that it was actually prejudiced by the delay. [Internal citations omitted]. We do not believe this jurisprudence disposes of the matter before us since Employers [insurer] is not denying coverage or trying to use the late notification as a basis for denying coverage.
>
> ***
>
> [T]he insurer's duty to provide a defense does not arise until the insurer receives notice of the litigation. . . . Therefore, [the insurer] is not responsible for the legal fees and costs incurred prior to the notification date.

*Gully*, 536 So. 2d at 818 (*citing Moskau v. Ins. Co. of N. Am.*, 366 So. 2d 1004 (La. Ct. App. 1st Cir. 1978)) (emphasis added). The *Gully* court also noted that the Louisiana's Second and Third Circuit Courts of Appeal have held similarly in similar cases. *Id.*[3]

Anco relies on Fifth Circuit precedent established in *Peavey Co. v. M/V ANPA*, 971 F.2d 1168 (5th Cir. 1992) to support its contentions.[4] However, the issue in the *Peavey* was whether the insurer could deny the insured's *claim*

---

[3] *See also Cobb v. Empire Fire & Marine Ins. Co.*, 488 So. 2d 349 (La. Ct. App. 3d Cir. 1986) (Holding that "the insurer had no duty to pay attorney fees until notice was given."); *Payton v. St. John*, 188 So. 2d 647 (La. Ct. App. 2d Cir. 1966) ("The court relieved the insurer of any obligation to pay attorney fees prior to notice.").

[4] Anco also cited *Rovira v. LaGoDa, Inc.*, 551 So. 2d 790 (La. App. 5th Cir. 1989). In *Rovira*, the parties disputed whether late notice completely absolved the insurer of its obligation to defend and indemnify the insured.

based on the insured's failure to give immediate notice of the occurrence and potential claims to the insurer. 971 F.2d at 1170, 1173. In the present case, Opposing Insurers do not deny a duty to defend, or potential responsibility for claims; they just deny any obligation to pay pre-notice defense costs.[5]

The *Peavey* court held that the insurer was obligated to pay the coverage fees in addition to outstanding attorney's fees despite late notice of the claim. 971 F.2d at 1170. Interestingly enough, *Peavey* reiterates the rule in Louisiana and cites to *Gully* while distinguishing *Peavey* from *Gully*:

> We agree that the insurer's duty to defend does not arise until it receives notice of a claim or suit." *Id.* at 1178 (internal citations omitted). Delayed notice of a claim, however, relieves the insurer of its obligation if the insurer was actually prejudiced by the delay. In *Gully*, the court decided that the insurer was not liable for prenotification defense costs and attorney fees. The court reached this conclusion, however, after it found that the issue of actual prejudice was not applicable. *The court deemed it determinative that the insurer was not denying coverage or trying to use the late notification as a basis for denying coverage.*

*Peavey*, at 1178 (emphasis added).

---

[5] In its cross motion for partial summary judgment, National Union alleges:
> Although National Union has plead [sic] late notice as a defense in the alternative to Anco's claims, it has never denied coverage for Anco's past or present defense costs on that basis. Rather, National Union has acknowledged that, for petitions that allege a covered claim, National Union has an obligation to defend Anco once it tenders the suit. The only dispute centers on whether National Union has an obligation to reimburse Anco for part or all of the legal fees and costs that it spent defending those suits **before** they were tendered to National Union.

(Doc. 120-1, pp.8-9).

The Court notes further that the decision in *Peavey* was rendered thirteen years prior to the decision of this Court in *Transcontinental*. After thoroughly reviewing the argument presented by Anco, the Court finds no reason to stray from its holding in *Transcontinental*.

Accordingly, the Court finds that no genuine issue of fact exists with regard to Anco's claim for defense costs incurred prior to tender of notice to Opposing Insurers, and that the Opposing Insurers are entitled to summary judgment on Anco's claims for pre-tender defense costs and fees.

## CONCLUSION

For the foregoing reasons, the motion for partial summary judgment (doc. 112) filed by Anco, American Guarantee, ZAIC, and Royal, is hereby **DENIED**, and the motion for partial summary judgment filed by National Union (doc. 120) is hereby **GRANTED**. The claims by Anco, American Guarantee, and ZAIC, for reimbursement of pre-tender defense costs and fees, are hereby **DISMISSED** with prejudice.

Baton Rouge, Louisiana, November __1__, 2010.

_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA