UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANCO INSULATIONS, INC
A LOUISIANA CORPORATION

VERSUS

ROYAL INDEMNITY COMPANY
A DELAWARE CORPORATION,
ET AL

CIVIL ACTION

NO. 07-657-BAJ-DLD

## RULING

This matter is before the Court on motions for partial summary judgment by defendant, Arrowood Indemnity Company, formerly known as Royal Indemnity Company ("Royal") (docs. 115, 116, and 117). National Union Fire Insurance Company ("National Union") (doc. 140), Transportation Insurance Company ("Transportation") (doc. 146), and Westchester Fire Insurance Company ("Westchester") (doc. 142) (collectively "Primary Insurers"), have opposed Royal's motions. Transportation filed a sur-reply (doc. 150). Royal has replied to the oppositions (docs. 155, 156, and 157). Jurisdiction is based on 28 U.S.C. §1332.

## BACKGROUND

Plaintiff, Anco Insulations, Inc. ("Anco"), is an asbestos insulation company that has been sued by thousands of plaintiffs seeking damages for exposure to asbestos over the past twenty-five years (doc. 161, p. 1). Defendants, Royal;

AIG Premier Insurance Company; Centaur Insurance Company; Columbia Casualty Company; Continental Insurance Company; Danielson Insurance Company; First State Insurance Company; Holland-America Insurance Company; Landmark Insurance Company; Lexington Insurance Company; National Union; Transportation; United States Fire Insurance Company; and Westchester are insurance companies that each, at some point, have insured Anco as excess or primary insurers (doc. 1, p. 3). Royal, American Guarantee & Liability Insurance Company and Zurich American Insurance Company ("Zurich") have funded Anco's defense of asbestos claims thus far (doc. 115-2, p. 2). However, Zurich alleges that "as a result of settlement and indemnity payments made by Zurich on behalf of Anco, the limits of several of the policies issued by Zurich to Anco have been exhausted and other policies are near exhaustion or are otherwise inapplicable" (*Id*). Thus, "Anco has brought the instant action, seeking a declaration of the parties' rights and obligations under the various policies issued to Anco by defendants" (doc. 115-2, p. 3).

Royal alleges that the various Primary Insurers issued policies of insurance to Anco for one year periods, and that each of the various policies was in effect during a part of the period in which claimants allege exposure to asbestos as a result of materials that Anco "allegedly manufactured, sold, distributed, installed, repaired and/or removed" (doc. 115-2, pp. 3-4), (doc. 116-2,

pp. 3-4), (doc. 142, p. 2).[1] Royal asserts that the Primary Insurers' duty to defend on the risk during the respective periods was "unambiguously" triggered (doc. 115-2, pp. 5-6), and Royal seeks summary judgment on: (1) Whether Primary Insurers are obligated to defend suits against Anco where claimants allege injuries that occurred during the effective period of policies issued by those Primary Insurers; (2) whether the Primary Insurers' duties to defend attached at the moment that an underlying complaint was filed[2]; and (3) whether the Primary Insurers owe Anco a complete defense to be allocated in equal shares between all of the insurers who share that obligation (docs. 115, 116, 117, and 140).

## LAW AND DISCUSSION

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d

---

[1] National Union's commercial general liability policy was allegedly in effect from January 1, 1987 to January 1, 1988. Transportation's policy was allegedly in effect from February 8, 1972 to February 8, 1972 [sic], and Westchester's policy was allegedly in effect from January 4, 1986 through January 4, 1987 (docs. 115, 115, and 117).
[2] This Court previously ruled on this issue (doc. 166).

265 (quoting Fed.R.Civ.P. 56(c)). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2411, 91 L.Ed.2d 202 (1986).

Under Louisiana insurance law, the "duty to defend is broader than the duty to indemnify." *Selective Ins. Co. of Southeast v. J.B. Mouton & Sons, Inc.*, 954 F.2d 1075, 1077 (5th Cir. 1992). Pursuant to the "eight corners rule," an insurer must look to the four corners of the petition and the four corners of the policy to determine whether it has a duty to defend. *Martco Ltd. P'ship v. Wellons, Inc.*, 588 F.3d 864, 872 (5th Cir. 2009); *Steptore v. Masco Constr. Co., Inc.*, 643 So. 2d 1213 (La. 1994).

> The duty to defend is determined solely by a comparison of the allegations of the complaint against the insured with the terms of the policy." *Id.* If the allegations "unambiguously and absolutely" exclude coverage under the policy, the insurer is relieved of the duty to defend.

*Id. See also Elliot v. Cont'l Gas Co.*, 949 So.2d 1247, 1250 (La. 2007). As "an insured's duty to defend arises whenever the pleadings against the insured disclose even a possibility of liability under the policy," a policy unambiguously and absolutely excludes coverage when the pleadings in a matter "do not reveal a possibility of liability under [the] policy [and] there is not a claim that would be covered by [the] policy." *Id.* at 1250, 1252.

4

As is noted above, a court seeking to determine whether an insurance company has a duty to defend a policyholder against a claim must compare the specific allegations of the complaint against the specific terms of the applicable policy. Royal, however, has not set forth the individual complaints so that the Court might determine whether the "four corners" of a specific complaint, when compared to the "four corners" of a specific policy, obligate a Primary Insurer to provide a defense. As Transportation has noted, Royal appears to be "seeking an advisory opinion on Louisiana law without putting the actual claims for which it seeks coverage before this Court" (doc. 146, p. 1).

Accordingly, the Court finds that genuine issues of fact preclude summary judgment in Royal's favor insofar as Royal seeks to have the Court declare that the Primary Insurers are obligated to defend against the various claims at issue.

The Court, having concluded that genuine issues of fact preclude summary judgment on the Primary Insurers' duty to defend the various claims, notes that the same genuine issues of fact preclude summary judgment as to when such a duty might have arisen.[3] Likewise, the same genuine issues of fact preclude a determination of the allocation of defense costs among the various parties.[4]

---

[3] The Court also notes that it has previously addressed when such a duty attaches under Louisiana law. *See* (doc. 166).

[4] Though not material to this ruling, the Court notes that Royal, in arguing that defense costs should be shared equally among the parties, relies heavily on an unpublished opinion, *Jensen v. Snellings*, 1991 WL 28988 (E.D.La. 1991), which clearly notes that the single chemical exposure involved in that case is distinguishable from the situation presented by long-latency asbestos claims that may involve multiple or continuing exposure over many years. The *Jensen* court stated:

## CONCLUSION

For the foregoing reasons, Royal's motions for partial summary judgment (docs. 115, 116, and 117) are hereby **DENIED**.

Baton Rouge, Louisiana, February _10_, 2011.

								_____
								BRIAN A. JACKSON
								UNITED STATES DISTRICT JUDGE
								MIDDLE DISTRICT OF LOUISIANA

---

> The instant case is more analogous to the insurance contract cases which hold that equity and fairness require that insurers with identical duties to defend split defense costs equally, than to asbestosis cases involving cumulative and indivisible injuries or occurrences.

(*Id.* at 6).