UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANCO INSULATIONS, INC.                                    CIVIL ACTION

VERSUS

AIG PREMIER INSURANCE COMPANY,                   NO.: 07-00657-BAJ
ET AL.

RULING AND ORDER

Before the Court is **National Union Fire Insurance Company of Pittsburgh, PA's Motion for Partial Summary Judgment To Dismiss Claims for Bad Faith Penalties (Doc. 201)**, filed by Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), seeking a ruling from this Court dismissing, with prejudice, Plaintiff Anco Insulations, Inc.'s ("Anco") bad faith claims and request for statutory penalties.[1] Anco opposes the motion.[2] (Doc. 208.) National Union filed a reply memorandum. (Doc. 213.) Oral argument is not necessary. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

---

[1] National Union relies upon the pleadings, a Statement of Uncontested Facts, Anco responses to discovery requests, and the deposition testimony of witness, Kenneth Fischer.

[2] Anco relies upon the pleadings and its response to National Union's Statement of Uncontested Facts. It also refers to correspondence from John R. "Jack" Fitzgerald. However, it failed to attach a copy of such correspondence to its motion. Anco is joined in its opposition to National Union's Motion for Partial Summary Judgment by Third-Party Defendant American Guarantee & Liability Insurance Company and Third-Party Defendant Zurich American Insurance Company.

I. **Background**

This matter arises out of thousands of asbestos-related lawsuits filed against Anco from 1987 to 2008. From approximately 1962 through the early 1970's, Anco was in the business of selling, installing, repairing, and distributing insulation materials containing asbestos. (Doc. 1, ¶ 18.) As a result, Anco is the named defendant in approximately 2,700 asbestos-related lawsuits filed in Louisiana, Texas, and Mississippi. (Doc. 1, ¶ 19.) The plaintiffs in the underlying lawsuits seek damages for bodily injuries arising out of exposure to materials containing asbestos that were manufactured, marketed, installed, removed, repaired, and/or distributed by Anco. (Doc. 1, ¶ 20.)

After Anco exhausted its general liability insurance policies with Defendant Zurich American Insurance Company ("Zurich") and Defendant Royal Indemnity Company ("Royal"), it filed the instant lawsuit against its excess liability policy insurers for indemnity, and against its other primary general liability insurers for indemnity and defense.[3] Anco, and its other primary general liability insurers, seek to recover legal fees and costs incurred by them in the defense of the underlying lawsuits from National Union, pursuant a primary general liability insurance policy issued by National Union to Anco in 1987 (the "Policy").

On April 30, 2012, Anco filed a Third Supplemental and Amending Complaint

---

[3] Anco's original complaint alleges it tendered defense of the underlying lawsuits to Zurich and Royal, its primary general liability insurers. (Doc. 1, ¶ 21.) Anco further alleges that Zurich and Royal assumed the defense of each underlying lawsuit that alleged exposure to asbestos during the general liability policy period. (Doc. 1, ¶ 22.)

for Declaratory Judgment, in which it alleges National Union acted in bad faith when it refused to provide a defense to Anco in the approximately 2,700 underlying lawsuits tendered to National Union in April 2009 and the 65 new asbestos-related lawsuits tendered to National Union since January 2009. (Doc. 132, ¶¶ 37-39.) Anco seeks declaratory relief, as well as statutory penalties, pursuant to La. R.S. §§ 22:1892 and 22:1973.[4] (Doc. 132, *Prayer for Relief.*) National Union denies liability

---

[4]La. R.S. § 22:1892 provides, in pertinent part:

> A. (1) All insurers . . . shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest. . . .
>
> B. (1) Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor . . . when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater . . ."

La. R.S. 22:1973 provided, in pertinent part:

> A. An insurer . . . owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
>
> B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A of this Section:
>
> (1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
>
> (2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
>
> (3) Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent of, the insured.
>
> (4) Misleading a claimant as to the applicable prescriptive period.
>
> (5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
>
> (6) Failing to pay claims pursuant to R.S. 22:1893 when such failure is arbitrary, capricious, or

under §§ 22:1892 and 22:1973.  (Doc. 138.)

As to the instant motion for partial summary judgment, National Union argues that there is no genuine issue of material fact as to whether it violated §§ 22:1892 and 22:1973.  National Union argues that Anco's bad faith claims are precluded because Anco did not suffer actual damages, as required by § 22:1892, and because an insurer's failure to provide a defense is not a claims settlement practice that falls under § 22:1973.

Anco opposes the motion and argues that § 22:1892 does not require it to demonstrate actual damages in order to recover statutory penalties.  It further argues that National Union's repeated misrepresentations regarding the coverage available under the Policy is the "act" that entitles it to statutory penalties under § 22:1973.

## II. Standard of Review

Pursuant to the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In determining whether the movant is entitled to summary judgment, the court views facts in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Coleman v. Houston Independent School District*, 113 F.3d 528, 533 (5th Cir. 1997).

---

without probable cause.

After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed.2d 202 (1986). If the moving party carries its burden of proof under Federal Rule of Civil Procedure ("Rule") 56, the opposing party must direct the court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Id.* The court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059, 112 S.Ct. 936, 117 L.Ed.2d 107 (1992). However, if the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor, the court must deny the motion for summary judgment. *International Shortstop, Inc.*, 939 F.2d at 1263.

On the other hand, the non-movant's burden is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions, or a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986).

## III. Analysis

### A. La. R.S. § 22:1892

In support of its motion, National Union contends that it has not breached its contractual duty to defend Anco in the underlying lawsuits. It further argues that even if it is found to have breached its duty to defend, Anco is precluded from recovering statutory penalties under § 22:1892 because Anco cannot show that it incurred actual damages as a result of National Union's alleged breach. National Union argues that Anco has been defended throughout the entirety of the underlying litigation by its other general liability insurers, Zurich and Royal, who have paid the entire cost of defending Anco. Thus, Anco has not incurred any actual damages as result of National Union's alleged breach, and is precluded from recovering statutory penalties under § 22:1892.

In opposition, Anco argues that National Union breached its contractual duty to defend when it failed to provide a defense to Anco within thirty (30) days of receiving notification of the approximately 27,000 underlying lawsuits filed between 1987 and 2008 on April 23, 2009. It further argues that National Union breached its contractual duty to defend when it failed to provide a defense to Anco within thirty (30) days of receiving notification of "a handful of new suits," which were tendered to National Union after April 2009. (Doc. 208, p. 5.) Anco argues that National Union failed to respond to either tender until October 18, 2011, in violation of § 22:1892. It also argues that National Union's refusal to provide a defense was

arbitrary and capricious, constituted bad faith, and entitles it to statutory penalties under the statute, in the amount of $1,000.00 for each underlying lawsuit tendered to National Union. Anco further contends that § 22:1892 does not require it to demonstrate actual damages in order to recover statutory penalties, but that it has, in fact, paid out of pocket to defend itself in the underlying lawsuits.

### 1. Underlying Lawsuits Filed Between 1987 and 2008

The Court first notes that the undersigned recently dismissed, with prejudice, Anco's claims against National Union for indemnity and defense of the approximately 2,700 asbestos-related lawsuits, filed between 1987 and 2008, that were tendered to National Union on April 23, 2009, and held that National Union is not obligated to reimburse Anco for the legal fees and costs incurred by Anco in the defense of those lawsuits. (Doc. 218.) Thus, Anco's bad faith claims and request for statutory penalties related to underlying lawsuits filed between 1987 and 2008, that were tendered to National Union on April 23, 2009, are dismissed as moot.

### 2. Underlying Lawsuits Filed in the Year 2009 or After

In order to recover statutory penalties under La. R.S. § 22:1892, the insured must demonstrate that (1) the insurer failed to pay a claim within thirty days after receipt of satisfactory proofs of loss; (2) the failure to pay was arbitrary and capricious; and (3) the insured sustained damages as a result of the breach. *Vaughn v. Franklin*, 785 So. 2d 79 (La. Ct. App. 1st Cir. 2001).

According to Anco's Third Supplemental and Amending Complaint for

Declaratory Judgment, between January 2009 and March 2010, Anco tendered "approximately 65 new" underlying lawsuits to National Union. (Doc. 132, § 38.) Anco alleges, however, that "[w]hile there have been some response to some of these tenders [sic]," National Union has not "actually begun to participate in Anco's defense."

In support of its motion, National Union argues that it has assumed its share of the costs of defense for the underlying litigation. In support of its position, it points to the deposition testimony of Kenneth Fischer, who testified that in September 2009, National Union agreed to start paying four (4) percent of the defense costs "on the new claims going forward" from 2009. (Doc. 201-3, pp. 6-7.) However, National Union failed to point to specific evidence in the record to demonstrate that it provided a defense to Anco within thirty days after receipt of satisfactory proofs of loss, in compliance with § 22:1892(A)(1). Viewing the facts in the light most favorable to Anco, the Court finds there is a genuine issue of material fact as to the first element of Anco's § 22:1892 claim.

In support of its motion, National Union cites to *Vaughn v. Franklin*, 785 So. 2d 79 (La. Ct. App. 1st Cir. 2001) for the proposition that Anco cannot recover statutory penalties under § 22:1892 unless it demonstrates actual damages. In *Vaughn*, the court reversed the assessment of attorney's fees, costs, and penalties, pursuant to § 22:1892[5], against an insurer. *Id.* at 90-91. The court found that one

---

[5]Formerly La. R.S. § 22:658.

insurer "acted arbitrarily in failing to provide a defense," while the other insurer defended the insureds. *Id.* It held, however, that statutory penalties under § 22:1892 were improper because the insureds were fully defended and incurred no out-of-pocket expenses for legal fees. *Id.* The court noted that § 22:1892 is "intended to protect insureds who were harmed by arbitrary, capricious, or bad faith actions of their insureds[,]" not the co-insurer "who had to bear the costs of defense alone when those costs should have been shared[.]" *Id.* at 92.

Anco cites *Oubre v. La. Citizens Fair Plan*, 79 So. 3d 987 (La. 2011) for the proposition that § 22:1892 no longer requires it to demonstrate that it sustained actual damages in order to recover statutory penalties. However, the issue before the court in *Oubre* was whether "an insurer is subject to the penalties imposed by La. R.S. § [22:1892(A)(3)]."[6] Indeed, the Court's ruling is limited to that section of the statute. *Id.* at 1001 ("actual damages need not be proven to recover the penalty set forth in La. R.S. § 22:1220(C), nor is such proof required by the explicit language of La. R.S. § 22:658(A)(3).")[7] *Id.* Here, Anco does not assert that the type of catastrophic loss and property damage claims at issue in *Oubre* are also at issue in this matter, nor does it assert that § 22:1892(A)(3) applies to its claims. Thus, the Court finds *Oubre* inapplicable.

While Anco argues in its memorandum in opposition that it has, in fact, paid

---

[6]Formerly La. R.S. § 22:658(A)(3).

[7]La. R.S. § 22:1973(C) was formerly La. R.S. § 22:1220(C).

out of pocket to defend itself in the underlying lawsuits, it has failed to point the Court to specific evidence in the record to demonstrate such damages. Indeed, the record is void of any billing records, expense reports, copies of checks, or receipts to demonstrate the actual damages incurred by Anco as a result of National Union's alleged failure to participate in Anco's defense.

As mentioned above, once the movant meets its burden under Rule 56, the non-movant must direct the Court's attention to specific evidence in the record which demonstrates a genuine issue of material fact. Unsubstantiated assertions, however, are not enough to defeat summary judgment. *See Little*, 37 F.3d at 1075 (5th Cir. 1994). Here, Anco has failed to point the Court to specific evidence in the record to demonstrate actual damages. Accordingly, the Court finds that there is no genuine issue of material fact as to the third element of Anco's § 22:1892 claim. Thus, Anco's bad faith claims and request for statutory penalties in relation to the underlying lawsuits that were filed in 2009 or later are dismissed with prejudice.

### B. La. R.S. § 22:1973

In support of its motion, National Union argues that violations of § 22:1973 are limited to six (6) enumerated acts by an insurer. It further argues that there is no genuine issue of material fact as to whether its alleged failure to participate in the defense of Anco in the underlying lawsuits constitutes one of the enumerated acts. Thus, Anco's bad faith claims and request for statutory penalties under § 22:1973 must be dismissed.

In opposition, Anco argues that its claims under § 22:1973 are based on National Union's misrepresentations regarding the Policy. Specifically, Anco contends that National Union acted in bad faith when it misrepresented the liability coverage available to Anco and failed to conduct a policy search. Anco contends that such acts violated of section (B)(1) of the statute. Thus, it is entitled to statutory penalties.

The Court first notes that, according to Anco's Third Supplemental and Amending Complaint for Declaratory Judgment, its allegations of bad faith and request for statutory penalties under § 22:1973 are based on "the failure of . . . National Union to begin participating in the defense of the Asbestos Suits tendered by Anco," *not* on National Union's alleged misrepresentations regarding the Policy. (Doc. 132, ¶ 39.) Any bad faith allegations based on National Union's alleged misrepresentations regarding the Policy would constitute new allegations. The deadline for amending pleadings has long passed, and any new allegations are untimely. Further, even if the Court were to consider these new allegations, the evidence presented by Anco in support of its position has already been ruled insufficient by this Court. See Doc. 218, p. 12.

The Court also finds that National Union's alleged refusal to participate in the defense of the underlying lawsuits is not one of the six (6) enumerated claims

settlement practices outlined in § 22:1973.[8]

Accordingly, the Court finds that there is no genuine issue of material fact as to whether National Union's alleged failure to participate in the defense of Anco in the underlying lawsuits constitutes a violation of § 22:1973. Thus, Anco's bad faith claims under § 22:1973 are dismissed with prejudice.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that **National Union Fire Insurance Company of Pittsburgh, PA's Motion for Partial Summary Judgment To Dismiss Claims for Bad Faith Penalties (Doc. 201)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Anco Insulations, Inc.'s, and its other primary general liability insurer's, bad faith claims and request for statutory penalties under La. R.S. §§ 22:1892 and 22:1973 are **DISMISSED WITH PREJUDICE**, at Plaintiff's cost.

---

[8]According to § 22:1973(B), only the following six (6) acts constitute a "breach of the insurer's duties":

(1) misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue; (2) failing to pay a settlement within thirty days after an agreement is reduced to writing; (3) denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent of, the insured; (4) misleading a claimant as to the applicable prescriptive period; (5) failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause; and (6) failing to pay claims pursuant to R.S. 22:1893 when such failure is arbitrary, capricious, or without probable cause.

La. R.S. § 22:1973(B)(1)-(6). National Union's alleged failure to provide a defense, as alleged by Anco in its Third Supplemental and Amending Complaint for Declaratory Judgment, is not one of the six (6) enumerated acts.

**IT IS FURTHER ORDERED** that this matter is set for a **PRETRIAL CONFERENCE** on Monday, April 29, 2013 at 3:00 p.m. in Chambers.

**IT IS FURTHER ORDERED** that Counsel for Plaintiffs, with the cooperation and assistance of all other counsel and any unrepresented parties, shall prepare a written pretrial order, to be signed by all counsel of record and then submitted to the Court not later than **ten (10) days prior to the Pretrial Conference**. Counsel shall use the pretrial order instructions and template, which may be accessed from the Pretrial Order link on the Court's website. The trial date in this matter will be set during the Pretrial Conference.

Baton Rouge, Louisiana, this 27th day of February 2013.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**